FILED
2009 Sep-11  AM 10:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BETTY J. SCHREIBER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:09-CV-1337-UNAS-RDP** |
| | } | |
| **REGIONS FINANCIAL** | } | |
| **CORPORATION, et al.** | } | |
| | } | |
| **Defendants.** | } | |

**<u>MEMORANDUM OPINION</u>**

The court has before it the July 23, 2009 motion of Plaintiff Betty J. Schreiber ("Schreiber") to remand (Doc. #7).  Pursuant to the court's order of August 6, 2009, the motion to remand is now under submission and is considered herein without oral argument.

Having considered the briefs and evidentiary submissions, the court finds that  motion to remand is due to be granted for the reasons outlined below.

**I.      Procedural History and Relevant Facts**

On May 29, 2009, Plaintiff filed a Complaint in the Circuit Court of Jefferson County, Alabama, alleging claims for fraud, reckless misrepresentation, negligent misrepresentation, suppression, deceit, violation of Alabama Securities Act Provisions, and conspiracy.  As grounds for those claims, Plaintiff asserts the following basic facts:

> Schreiber, a Birmingham, Alabama resident, purchased from Morgan Keegan[1] a Regions Morgan Keegan ("RMK") Advantage Income Fund, the RMK High Income Fund, and the RMK Multi-Sector High

---

[1] Morgan Keegan is a subsidiary owned or controlled by Regions.  (Doc. #1, Exh. E at ¶ 2).

Income Fund[2] to be held in a non-Morgan Keegan account. (Doc. #1, Exh. E at ¶ 9). Those funds were sold by Morgan Keegan as bond funds offering substantial income with minimal risk, but in reality, the funds carried profound risks.[3] (Doc. #1, Exh. E at ¶ 10). Plaintiff suffered losses because the investment risks associated with the Funds were vastly greater than represented by Defendants. (Doc. #1, Exh. E at ¶ 14).

The Complaint makes clear the specific nature of the claims.

> [T]here is no Federal Question subject matter jurisdiction for the United States District Court. There are absolutely no federal causes of action set forth in this Complaint, and it is not the intention or design of the Plaintiff to assert (directly, indirectly, or by accident or inference) any cause of action based upon or invoking the protection or use of any federal law, or to seek any remedy pursuant to federal law.

(Doc. #1, Exh. E at ¶ 28).

> Plaintiff does not assert, or attempt or intend to assert, directly or indirectly, explicitly or implicitly, any claim for recovery or relief under any federal statute or federal law or regulatory provision affording any civil remedy or right of recovery, and Plaintiff alleges that the law of the State of Alabama (or Tennessee, where indicated), relied upon in and for each of the Counts of this Complaint, provides all the avenues needed by Plaintiff for ample and complete relief for Plaintiff. Without limiting the generality of the foregoing, Plaintiff does not assert, or attempt or intend to assert, directly or indirectly, explicitly or implicitly, any claim for recovery or relief under any federal law governing offer, sale, purchase, issuance, investment or handling of any securities, or any federal law governing mutual funds or investment funds or any federal law governing investment advisers or banks or brokers and dealers. Plaintiff requests that this Complaint be construed to effectuate the foregoing statements. Furthermore, Plaintiff opts out of, and disclaims any right, option or election to share in any proceeds of or any recovery in, any suits, actions, class actions, or multi-district litigation proceeds brought by

---

[2] All of these funds shared officers and directors with Morgan Keegan and its parent company and affiliates. (Doc. #1, Exh. E at ¶ 11).

[3] For example, the RMK High Income Fund allegedly was heavily invested in risky CDOs, CLOs, ABSs, HELs, and other illiquid securities; the Multi-Sector Fund and the Advantage Fund allegedly were invested in below investment grade or unrated securities. (Doc. #1, Exh. E at ¶¶ 12, 20).

persons other than the Plaintiff, which are now pending or are hereafter pending in any federal court.  Furthermore, Plaintiff disclaims any claim or intention to claim, relief including "derivative" relief, in the right of or behalf of any corporate defendant or any other corporation or entity affiliated with them or any other shareholders of any such entity.

(Doc. #1, Exh. E at 16-17).

Despite Plaintiff's clearly stated intention to disclaim any and all federal claims, on July 2, 2009, Defendants removed this action under 28 U.S.C. § 1441 because, they argue, Plaintiff "has pled claims that arise under federal law" as evidenced in part by the fact that the Judicial Panel for Multidistrict Litigation "has consolidated most of these suits for pre-trial purposes in the United States District Court for the Western District of Tennessee."[4]   (Doc. #1 at 1-2).   Specifically, Defendants allege that "this Court can exercise federal question jurisdiction because embedded in Plaintiff's claims are substantial issues of federal securities law."[5]   (Doc. #1 at 6, ¶ 9).

On July 23, 2009, Plaintiff moved to remand this case back to state court.  (Doc. #7). Plaintiff asserts that her action is not removable pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 because "this action pleads claims and seeks recovery under strictly state law in connection with three mutual funds: RMK Advantage Income Fund ('RMA'), RMK Strategic Income Fund ('RSF') and RMK High Income Fund ('RMH').  The claims against the defendants seek recovery for the

---

[4] "Plaintiff's core allegations (whether as to conduct challenged or underlying legal theory) are no different in form or fashion than the securities lawsuits pending in the MDL."  (Doc. #1 at 3, ¶ 3).

[5] "For instance, in support of her allegations, Plaintiff emphasizes federal terms-of-art – such as 'illiquid'– that are indisputably defined by and utilized by Federal law to regulate mutual funds." (Doc. #1 at 3, ¶ 3).  "The truth . . . is that far from relying on state law, Plaintiff simply omits references to the federal law standards that underpin her claims.  The flaw in Plaintiff's strategy becomes abundantly clear when her Complaint is compared to actions pending in the Tennessee MDL."  (Doc. #1 at 3-4, ¶ 5).

state law claims of fraud, misrepresentation, suppression, deceit and violations of the Alabama Securities Act, all of which do not arise from federal law."  (Doc. #8 at 1).

## II.     Legal Analysis

This court recently considered whether it was empowered to hear an almost identical case in *Rosalind Holloman v. Regions Bank et. al*, 2:09-cv-1336-RDP.  The complaint therein exclusively asserted state law claims[6] regarding Defendants' alleged misrepresentation of the risks associated with their funds, and the alleged failure of Defendants to manage the Trust in accordance with the guidelines set forth by the terms of the Will establishing the Trust.  (*See* 2:09cv1336-RDP, Doc. #12 at 1).  In addition to asserting exclusively state law claims, the *Holloman* plaintiff included in her complaint a "statement applicable to all counts of complaint," which tracks almost *verbatim* the disclaimer language contained in the Complaint in this case.

In response to the motion to remand in the *Holloman* case, Defendants therein asserted that the claims were virtually identical to those giving rise to the claims in multidistrict litigation pending in the Western District of Tennessee.  (*See* 2:09cv1336-RDP, Doc. #12 at 4).  The same argument is made here.  (*See* Doc. #14 at 2, n.2; *see also generally* Doc. #4 and Doc. #5).  The *Holloman* Defendants also opposed the motion to remand by asserting that *Holloman's* allegations depended on terms "undisputably defined by and utilized by Federal law to regulate mutual funds."  (*See*

---

[6] Those claims were for: (1) breach of fiduciary duty; (2) negligence; (3) wantonness; (4) breach of contract; (5) fraud; (6) reckless misrepresentation; (7) negligent misrepresentation; (8) suppression; (9) deceit; (10) violation of Alabama Securities Act provisions; (11) conspiracy; (12) aiding and abetting by Morgan Asset Management; (13) violation of duty of loyalty under Ala. Code § 19-3B-802; (14) violation of duty of loyalty under Ala. Code § 19-3B-802; and (15) removal of trustee pursuant to Ala. Code § 19-3B-1001 and §10-3B-706.  (*See* 09cv1336, Doc. #12 at 1-2).

2:09cv1336-RDP, Doc. #12 at 4).  Again, the same argument is made here.  (*See* Doc. #14 at 1-2, 10-17).

Despite Defendants' respectful submission that the court's decision to remand *Holloman* is not controlling in this case (*see* doc. #14 at 2, 23-24), the court–not surprisingly–finds its own decision in *Holloman* highly persuasive given the fact that the *Holloman* case and this case are virtually indistinguishable.  For the reasons stated in *Holloman*, and reiterated in pertinent part below for clarity, the motion to remand is due to be granted.

> It is axiomatic that this court has limited jurisdiction and is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  "Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. ...  All doubts must be resolved in favor of a remand to state court." *Alabama State University v. Baker & Taylor, Inc.*, 998 F.Supp. 1313, 1315 (M.D. Ala. 1998) (internal citations omitted); *see also Univ. of S. Ala.*, 168 F.3d at 411.  "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of South Alabama*, 168 F.3d at 410.
>
> Defendants argue that this court should allow this case to be consolidated with multidistrict litigation in the United States District Court for the Western District of Tennessee . . . However, "no party has a right to remain in federal court when subject matter jurisdiction is plainly lacking... ." *Betts v. Eli Lilly and Co.*, 435 F.Supp.2d 1180, 1184 (S.D. Ala. 2006) (denying defendant's motion to stay and declining to defer ruling on plaintiff's motion to remand).  One of our sister districts, under similar circumstances, has taken the approach that the court "'should first give preliminary scrutiny to the merits of the motion to remand' and ..., 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its

consideration and remand the case to state court.'"  *Betts*, 435 F.Supp.2d at 1182 (quoting *Moton v. Bayer Corp.*, 2005 WL 1653731 at *2 (S.D. Ala. 2005) (quoting *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D.Wis.2001))).  In fact, this was the approach taken by this court in a recent similar case involving the same Defendants and their same counsel, *Rice v. Regions Bank, et al.*, Case No. 09cv624.

In support of their removal of this action, Defendants assert that Plaintiff has asserted claims that are based upon events virtually identical to those giving rise to the claims in the Tennessee MDL. They further assert that Plaintiff's allegations of suppression and misrepresentation depend on terms "undisputably defined by and utilized by Federal law to regulate mutual funds."  (Doc. # 1 at 3.)

Although the allegations giving rise to Plaintiff's state law claims may also give rise to federal claims, Plaintiff, as the master of her Complaint, may decide which claims she will pursue, and which claims otherwise available to her that she will not pursue.  For example, in the employment litigation context, a plaintiff subjected to sexual harassment in the workplace may have claims that establish a violation of federal anti-discrimination laws, particularly Title VII. However, that same plaintiff may choose to pursue solely state law claims such as assault, battery, and invasion of privacy.  Just because the facts, if proven, would also establish a violation of Title VII, does not entitle a defendant to remove that case on those grounds if the plaintiff did not assert the Title VII claim.

An analysis of the Complaint in this case reveals that, although the factual allegations made by Plaintiff may also establish violations of federal law, Plaintiff's claims do not arise under, or even necessarily implicate, federal law.  Interpretation of federal securities laws is not necessary for Plaintiff to establish her claims.  Plaintiff's claims are not based upon alleged violations of federal standards or regulations. Those claims of Plaintiff that Defendants argue give rise to federal removal jurisdiction are based upon alleged suppressions of fact and misrepresentations made by Defendants. However, without question, to the extent Plaintiff will be able to show that Defendants suppressed facts and/or misrepresented the condition of their funds, she can do that without implicating federal laws or regulations. Furthermore, whether Defendants complied with the instructions provided by the trust and given by Plaintiff is not an issue that turns on federal law or regulations.

"[To meet their burden [of showing that removal was proper], the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005), the Supreme Court "fashioned the following test to evaluate the existence of federal question jurisdiction where no federal claims are stated: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities [?]" *Adventure Outdoors, Inc.*, 552 F.3d at 1295 (quoting *Grable & Sons Metal Products, Inc.*, 545 U.S. at 312). Here, on their face, Plaintiff's claims do not raise a federal issue. That is, Plaintiff will first have to show that Defendants violated Alabama's fraud and breach-of-fiduciary statutes. Plaintiff need not prove violations of federal securities laws or regulations in order to prevail on the claims she has asserted in this case.

Defendants insist that certain terms used by Plaintiff in her Complaint are terms defined by federal securities laws and that, therefore, Plaintiff has raised federal claims. Defendants argue that because the terms "value," 'illiquidity," and "diversification" are "federal terms of art related to federally regulated mutual funds," their mere mention in Plaintiff's claims "necessarily raises substantial and disputed questions of federal law." (Doc. # 10 at pp. 12-13). The court disagrees. Each of these terms has meaning separate and apart from federal laws, regulations and standards. Moreover, Plaintiff's claim that Defendants misrepresented a security's "value" can certainly be evaluated without reference to federal law. The term "illiquid" is also not dependent on an interpretation of federal securities law. Merriam-Webster's on-line dictionary defines "illiquid" as "not being readily convertible into cash" or "deficient in liquid assets." Further, "diversification" is not a term used exclusively in relation to federally regulated mutual funds. Thus, while Defendants may choose to **defend** against Plaintiff's suppression and misrepresentation claims on the basis that they complied with the usual federal definitions of these terms, Plaintiff is not required to use (or present argument based on) these terms of art in order to establish her claims.

7

The court finds the decision in *Pearson v. Regions Bank*, Slip Copy, 2009 WL 1328083 (M.D. Ala. 2009) to be persuasive.[7]   As in *Pearson,* Defendants in this case, too, "have provided the court with only generalizations about the application of federal laws and regulations to them and the accounts at issue. They have not shown specifically how these federal laws and regulations are 'an element and an essential one'" to Plaintiff's stated claims. *Pearson*, 2009 WL 1328083 at * 3 (quoting *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936)).  As in *Pearson, "*if [Plaintiff fails] to prove the elements of [her] state-law claims, then the defendants' alleged federal issues are moot." *Pearson*, 2009 WL 1328083 at * 3 (citing *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 13 (1983)).

This is not a case like that contemplated in *Grable & Sons Metal Prods. Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), wherein the Supreme Court recognized that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*. at 312 (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)).  That is, this is not a situation in which Plaintiff's state law claims turn on substantial questions of federal law.  Therefore, the assertion of those claims does not justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

Defendants have not met their burden of showing that **Plaintiff's claims** "really and substantially" involve questions of federal law. *See Shulthis v. McDougal*, 225 U.S. 561, 569 (1912).  Whether Plaintiffs can establish the claims stated in their Complaint can be judged without reference to federal law.

(2:09-cv-1336-RDP, Doc. #14 at 3-8).

---

[7] Although Defendants in the instant case argue that the *Pearson* case differs materially from the *Schreiber* case because "the *Pearson* plaintiffs did not expressly base their claims on issues of a fund's liquidity or the valuation of the securities comprising a fund," (doc. #14 at 23), the *Pearson* plaintiffs did base their complaint on allegations of breach of fiduciary duty and reckless investing as related to the mishandling of investments.

III.    **Conclusion**

Resolving all doubts in favor of remand, as it is obliged to do, the court concludes that it lacks subject matter jurisdiction over this action.[8]  This case is due to be remanded to the Circuit Court of Jefferson County, Alabama.  A separate order in accordance with this Memorandum Opinion will be entered.

DONE and ORDERED this _____10th_____ day of September, 2009.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

_____

[8] To be clear, the court is cognizant that other judges (and the undersigned) in other cases have stayed consideration of motions to remand in the interests of judicial consistency, economy and uniformity.  None of those decisions, facts. or events cause the court to hesitate in any way in remanding this case.  The court is confident that, applying the law of this Circuit to the motion to remand, there is only one correct outcome here – remand to the state court.  While there may be other cases wherein the complaints actually raise substantial questions of federal law, that is not the situation here.